UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BEY, #236321,

                        Plaintiff,           Case No. 11-cv-13625
                                           Honorable Robert H. Cleland
         v.                       Magistrate Judge David R. Grand

THOMAS BIRKETT, MICHAEL
KRAJNIK, and CAROLLE WALKER,

                        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS [12]

Before the court is Defendants' Motion to Dismiss Based on the Defenses of Collateral Estoppel and Res Judicata [12]. An Order Referring Case Management [15] was entered on January 5, 2012, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b).

Generally, the court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* L.R. 7.1(f). Here, the court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss [12] be **GRANTED**.

## II.    REPORT

### A.    Factual Background of Bey's Instant Complaint

The relevant facts in this matter are largely undisputed. Christopher Bey ("Bey," known in prior Eastern District of Michigan actions as "Christopher Lee"), is currently incarcerated by the Michigan Department of Corrections ("MDOC") at the Marquette Branch Prison in

Marquette, Michigan.  At the times giving rise to the allegations in Bey's Complaint, he was housed at the now-closed Standish Maximum Correctional Facility ("SMF") in Standish, Michigan.

On August 19, 2011, Bey commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  (Doc. #1).  All of the named defendants are MDOC employees: Warden Thomas Birkett, Assistant Resident Unit Supervisor Carolle Walker, and Resident Unit Manager Michael Krajnik (collectively "Defendants").  (*Id.* at ¶¶2-4).

Bey alleges that Defendants acted with deliberate indifference towards him and the conditions of his confinement by providing him with inadequate or unsanitary supplies to clean his cell at SMF:

> The Defendants were deliberate indifference to the Plaintiff's health and life when they <u>knew</u> of these hazardous cell cleaning supplies, conditions in unit one by personal knowledge, but disregarded the possibility of the substantial risk of serious harm to the Plaintiff's health and physical well being by failuring [sic] to have clean and sanitary cleaning supplies equipment  (See GRV-SMF-07-10-2116-03G).

(*Id.* at 3).  More specifically, Bey alleges that, on January 12, 2009, he "contracted a highly contagious bacteria in his left hand[1] from the exposure to the hazardous cell cleaning supplies that he used during the cell cleaning when he dipped his hands into the ***plastic bottle of plain (polluted) water to grab the sponge to wipe his cell down***.  (See GRV-SMF-09-01-0131-03G)." (*Id.* at 4-5) (emphasis added).  Thus, to put it succinctly, in this case, Bey challenges the safety of

---

[1] Bey claims that he was diagnosed with paronychia – an allegedly "serious finger condition" – as a result of his exposure to the unsanitary cleaning supplies.  (*Id.* at 5).

the water he was provided to clean his cell, which he claims infected his finger.[2]

**B.      Bey's Prior Lawsuit**

On February 26, 2009, Bey filed a similar case in this court (Case No. 09-10723, the "Prior Action"), in which he also challenged the safety of the water he was provided to clean his cell in ***October 2007***.  (Case No. 09-10723, Doc. #1 at 6, ¶5 (claiming exposure to "unsanitary cleaning supplies such as … a bleach bottle of plain (polluted) water used as a mop bucket …")).  Bey sought to amend his complaint in the Prior Action multiple times.  In what ultimately became the controlling amended complaint (Case No. 09-10723, Doc. #104, the "Prior Controlling Complaint"), Bey asserted claims against all three of the current Defendants (as well as others), alleging that they violated his rights under the First, Eighth, and Fourteenth Amendments by subjecting him to "'unsanitary conditions'/'unsafe conditions' that poses a 'serious' threat to his health and life existence."  (*Id.* at 3).  More specifically, Bey alleged that he was exposed to "'unsanitary cell cleaning supplies' such as a (rusted) toilet brush, a filthy sponge, ***and a bleach bottle of plain (polluted) water (used) as a mop bucket with a sponge (used) as a mop.***"[3]  (*Id.* at 9) (emphasis added).  Bey also asserted that, on cell cleaning days, he was "subjected to cruel and unusual punishment [and unlawful deliberate indifference] by exposure to the 'unsanitary cell cleaning supplies' that's contaminated with ***dirty water, germs, and filth inside the bleach bottle of plain (polluted) water*** . . . ."  (*Id.* at 11).  Importantly, Bey alleged that these unsanitary conditions existed "from <u>10-10-07</u> to <u>8-29-08</u> and <u>**11-1-08**</u> **to** <u>**3-4-**</u>

_____

[2] Bey claims Defendants were deliberately indifferent "when they <u>knew</u> of these conditions of the cell cleaning supplies by personal experience from grievances and other prisoners [sic] verbal complaints, but disregarded the possibility of the substantial risk of serious harm to the Plaintiff by failuring [sic] to have adequate and sanitary cell cleaning supplies that's safe to use."  (*Id.* at 8).  He references his 2007 grievance (SMF-07-10-2116-03G), which he claims put Defendants on notice of the "health threat" that resulted in his January 2009 finger infection.  (*Id.*).

[3] For security reasons, inmates housed in segregation are not permitted to have mops.  (Case No. 09-10723, Doc. #109 at 4).

**09**." (*Id.* at 20) (underline in original, bold added).

Months before Bey filed his Prior Controlling Complaint, the defendants had filed a motion for summary judgment, providing substantial information to the court regarding the cleaning procedures and protocols at SMF that refuted Bey's claims. (Case 09-10723, Doc. #24). In response, Bey filed three motions to amend and/or supplement his complaint, at one point seeking to add evidence that, as a result of the alleged unsanitary conditions at SMF, he contracted a finger infection on January 12, 2009, when he "dipped his hands in the bleach bottle of plain (polluted) water . . . ." (Case 09-10723, Doc. #25 at 8). Bey also filed a response (and, subsequently, a "final response") to the defendants' motion for summary judgment. (Case 09-10723, Doc. #56, 57). In both of those responses, Bey claimed that his left middle finger was injured when he dipped his hand into a bleach bottle on January 12, 2009. (*Id.*). He specifically asserted that the three Defendants in the instant case – Birkett, Krajnik, and Walker – "caused the plaintiff's finger injection injury by failuring [sic] to ensure that the segregation unit one officers were providing the plaintiff with adequate and sanitary cell cleaning supplies." (Case 09-10723, Doc. #56 at 32).

On November 23, 2009, pursuant to the magistrate judge's order, Bey filed a "Proposed Amended and Supplemental Complaint." (Case 09-10723, Doc. #89). "Claim 1" of that complaint reiterated the October 2007 allegations described above. (*Id.* at 9) (challenging provision of "a bleach bottle of plain (polluted) water used as a mop bucket with a sponge used as a mop."). In "Claim 7" of that complaint, Bey alleged that, on January 12, 2009, as a result of the "hazardous and inadequate cell cleaning supplies that's unsanitary," he contracted an infection in his left index and middle fingers after using bleach water to clean his cell. (*Id.* at 23-26). Thus, "Claim 7" appears to be identical to the claim Bey makes in the instant case.

4

On December 10, 2009, the defendants filed another motion for summary judgment, this time as to Bey's "Proposed Amended and Supplemental Complaint."  (Case 09-10723, Doc. #93).  In their motion, the defendants raised two arguments:  (1) that Bey should not be allowed to proceed with "Claim 7" because he had not fully exhausted that claim prior to the time he filed his original complaint; and (2) that, on the merits, summary judgment was appropriate as to "Claim 7" because Bey had not established that the defendants were deliberately indifferent to his health or safety with respect to the provision of the cleaning supplies at issue.  (*Id.*).  In Bey's response to this second summary judgment motion, he again argued that he "contracted a highly contagious bacteria from the Defendants [sic] inadequate and unsanitary cell cleaning supplies . . . ."  (Case 09-10723, Doc. #101 at 5).

That same day, however, the magistrate judge issued an Order ruling on Bey's three motions to amend/supplement his complaint.  (Case 09-10723, Doc. #100).  In relevant part, the magistrate judge considered the defendants' arguments that Bey should not be permitted to supplement his complaint to add "Claim 7" because it stemmed from a grievance (SMF-2009-01-0131-03G) which was not fully exhausted until March 26, 2009 (after Bey filed his original complaint on February 26, 2009).  (*Id.* at 4-5).  While declining to deny Bey's request to supplement his complaint on exhaustion grounds, the magistrate judge said:

> . . . the Court concludes that it would be inefficient to allow plaintiff to add parties and claims arising from similar incidents, but occurring years apart, because the case would "never be resolved if plaintiff is permitted to continuously 'update' his claims and add additional parties . . . ."  Thus, the Court DENIES plaintiff's motion to amend (Dkt. 25) because he seeks to add supplemental claims, which includes claims arising from events (including any part of the exhaustion process) that occurred after the original complaint was filed in this case.

(*Id.* at 5) (internal citations omitted).[4]  Bey was directed to file an amended complaint that did

not include the allegations about his finger contained in "Claim 7."  (*Id.* at 8).  That is when Bey

filed the Prior Controlling Complaint, which, although containing no specific mention of his

January 2009 finger injury, clearly challenged the precise alleged wrongful conduct which

supposedly caused that injury, *i.e.*, providing Bey with unsafe water to clean his cell between

"11-1-08 to 3-4-09."  (Case 09-10723, Doc. #104 at 9, 11, 20); *supra*, p. 3.

On February 18, 2010, the magistrate judge issued a Report and Recommendation,

recommending that the defendants' motion for summary judgment be granted.  (Case 09-10723,

Doc. #109).  Although Bey had been ostensibly precluded from raising his alleged January 2009

finger injury, the magistrate judge recognized that Bey had nevertheless done just that by

continuing to include in his Prior Controlling Complaint allegations related to the supposed

cause of that injury:

> Plaintiff asserts that he was only given half of a dirty sponge and dirty water
> to clean his cell...defendants offer documentary and testimonial evidence
> regarding the cleaning procedures and policies in place at the SMF facility,
> as set forth in detail above.  In rebuttal, ***plaintiff claims that he contracted a
> skin infection on his hand from the dirty bucket of cleaning water.***[5]
> Plaintiff's claim has two fatal flaws.  First, he offers no evidence that his
> skin infection was actually caused by the bucket of cleaning water.  Second,
> his complaints of skin infections involve events and grievances that are not
> at issue in this case, as they occurred in 2009, long after the events and
> grievances at issue in this case.  Thus, the undersigned suggests that plaintiff
> has failed to come forth with any evidence to establish a genuine issue of
> material fact on his claim of that unsanitary cell conditions posed an

---

[4] Bey filed objections to the magistrate judge's ruling on this issue (Case 09-10723, Doc. #103),
which the district court overruled.  (Case 09-10723, Doc. #105).  Bey did not seek leave to
appeal the district court's decision on this issue to the Sixth Circuit.

[5] This clearly refers to Bey's allegations of unsafe water injuring his finger in 2009 (just as he
alleged in "Claim 7") because it was in 2009 that he first allegedly suffered an actual physical
injury.  (Case No. 09-10723, Doc. #101 at 8) (admitting that "Claim 7 is the same as Claim
1...the only difference between [the two] is in [Claim 1] the defendants were placed on notice
and warned about the health hazard[s] of the cell cleaning supplies...and in [Claim 7] ... he
(actually) was injure[d] from the defendants [sic] cleaning supplies ...").

unreasonable risk of harm.

(*Id.* at 14-15) (emphasis added).

On March 22, 2010, the district court entered an Order adopting the magistrate judge's Report and Recommendation and granting summary judgment in the defendants' favor. (Case 09-10723, Doc. #118). Bey appealed to the Sixth Circuit, which affirmed, holding that his "allegations of inadequate cleaning supplies … are not sufficiently grave to establish an Eighth Amendment violation." (Case 09-10723, Doc. #125 at 3).

### C.      Standard of Review

On October 21, 2011, Defendants filed their instant motion to dismiss based on the doctrines of collateral estoppel and res judicata. (Docket No. 12). On November 23, 2011, Bey filed a response, supported by an Affidavit and a number of exhibits. (Docket No. 13).

Although Defendants do not cite Fed. R. Civ. P. 12(b)(6), it appears that their motion to dismiss is brought pursuant to this rule. Thus, the court must treat all well-pleaded allegations in Bey's complaint as true and draw all reasonable inferences from those allegations in his favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). To survive a motion to dismiss, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While courts typically may consider only the pleadings when ruling on a motion under Rule 12(b)(6), they may take judicial notice of other court pleadings without converting the motion into one for summary judgment. *See Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). Dismissal under Rule 12(b)(6) is properly granted if the claims alleged are barred by res judicata or collateral estoppel. *See Buck v. Thomas Cooley Law School*, 615 F. Supp. 2d 632, 635 (W.D. Mich. 2009), *citing*

*Amadasu v. Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008); *see also Dickson v. Township of Novesta*, 2006 WL 3240695 at *5 (E.D. Mich. Nov. 6, 2006).

### D.     Analysis

The United States Supreme Court has explained that res judicata generally consists of two preclusion concepts: claim preclusion and issue preclusion. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77, n.1 (1984). Claim preclusion, which is commonly referred to as res judicata, is the doctrine "by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment." *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001) (internal citations omitted). "Claim preclusion not only precludes 'relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated.'" *Hawkins v. General Motors Corp.*, 2009 WL 596119 at *3 (E.D. Mich. Mar. 9, 2009) (internal citations omitted). Issue preclusion, on the other hand, is generally referred to as direct or collateral estoppel. *Id.* It "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Id.* (internal citations omitted). Here, Defendants are entitled to a dismissal of Plaintiff's complaint under both doctrines.

#### 1.     Res Judicata

The Sixth Circuit has adopted a four-part test for determining whether a subsequent action is barred by the doctrine of res judicata. The elements are: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action that was litigated or that should have been litigated in the prior action; and (4) an identity of the causes of action. *Id.*, *citing Rawe v. Liberty*

*Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). Analysis of these four elements compels a conclusion that Bey's instant claims are barred by res judicata.

First, a final decision on the merits was reached by the district court in Bey's Prior Action against the defendants. On March 22, 2010, the district court issued an Order adopting the magistrate judge's Report and Recommendation, and granting summary judgment in favor of the defendants. (Case No. 09-10723, Doc. #118). On appeal, the Sixth Circuit affirmed. (Case No. 09-10723, Doc. #125). Second, Bey and all three individual Defendants were parties to both lawsuits. With respect to the third and fourth elements, the same operative facts pled in Case No. 09-10723 form the underlying basis for Bey's claims in the current case. Both actions involve Bey's allegations that the water he was given to sponge down his cell in January 2009 was unsanitary, and posed a substantial risk to his health and well-being, in violation of the Eighth and Fourteenth Amendments.[6] Indeed, Bey admits that "Claim 7 is the same as Claim 1." *See supra*, fn. 5.

In sum, the conduct at issue in the instant case was litigated in the Prior Action, and the requisite identity of the causes of action exists. *See Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) ("Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'") (internal citations omitted).

The court rejects Bey's counter-argument that the issue regarding his January 12, 2009 finger injury – *i.e.*, "Claim 7," was not fully litigated in the Prior Action because the magistrate

---

[6] *Cf.* Doc. #1 at 4-5 (challenging the "***plastic bottle of plain (polluted) water to [given to him] to wipe his cell down***…" *in January 2009*) *with* Case No. 09-10723, Doc. #104 at 9 (challenging "***a bleach bottle of plain (polluted) water (used) as a mop bucket with a sponge (used) as a mop.***"), 11 (referencing a "(polluted) bucket of plain water"), 20 (challenging "cell cleaning supplies, mops, bleach, and disinfect [sic], from …**11-1-08 to 3-4-09**…") (underling original, bolding added).

judge partially denied his motion to amend/supplement his complaint, and refused to allow him to include that claim in his Prior Controlling Complaint.  (Doc. #13 at 1).  Although Bey is correct that his Prior Controlling Complaint does not specifically mention his January 2009 finger injury, that Complaint specifically challenged the conduct and conditions that he claimed caused that injury, *i.e.*, the ones existing between "11-1-08 to 3-4-09".  Whether those conditions were alleged to cause injury to his finger is irrelevant because the Sixth Circuit held, on the merits, that Bey's underlying "allegations of inadequate cleaning supplies…are not sufficiently grave to establish an Eighth Amendment violation."  (Case 09-10723, Doc. #125 at 3).

In sum, Bey's current complaint, which alleges that he suffered a finger infection because Defendants were deliberately indifferent in providing inadequate and unsanitary cell cleaning supplies, is barred by the doctrine of res judicata.

### 2. *Collateral Estoppel*

Even if Bey's instant claims were not barred by res judicata, they would be barred by the doctrine of collateral estoppel.  That doctrine applies when each of the following elements is met: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue was actually litigated and decided in the prior action; (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation; (4) the party to be estopped was a party to the prior litigation (or in privity with such a party); and (5) the party to be estopped had a full and fair opportunity to litigate the issue.  *See Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

For the reasons discussed above, Defendants satisfy the first two elements of their collateral estoppel defense.  The underlying issue before the court in Bey's current complaint – whether Defendants were deliberately indifferent in failing to provide adequate and sanitary cell cleaning supplies, and specifically in failing to provide sufficiently clean water for sponging

10

down his cell – is the exact same issue that was before the court in Bey's Prior Action, which was actually litigated and decided against him.  Because that decision was necessary and essential to the outcome of the Prior Action, the third element is satisfied.  The fourth element is met because Bey was also the plaintiff in the Prior Action.  Finally, in the Prior Action Bey had a full and fair opportunity to litigate the underlying issue regarding the constitutionality of the cleaning supplies he was provided.  Accordingly, Bey's claims in the current lawsuit are barred by collateral estoppel.

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss Based on the Defenses of Collateral Estoppel and Res Judicata [12] be **GRANTED**.


Dated: July 30, 2012                                    s/ David R. Grand
                                                        DAVID R. GRAND
                                                        UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th

Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich.

LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be

concise, and should address specifically, and in the same order raised, each issue presented in the

objections.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2012.

<u>s/Felicia M. Moses</u>
FELICIA M. MOSES
Case Manager