# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTOPHER BEY,

       Plaintiff,

v.                                   Case No. 11-13625

THOMAS BIRKETT, et al.,

       Defendants.

                                          /

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION TO DISMISS

On July 30, 2012, Magistrate Judge David Grand issued a Report and Recommendation ("R&R"), in which he recommended that the motion to dismiss filed by Defendants Birkett, et al., be granted. For the reasons stated below, the court agrees with the R&R and overrules the Plaintiff's objections. The court will adopt the Magistrate Judge's recommendation to grant Defendants' motion and will dismiss the case.

## I. BACKGROUND

On August 19, 2011, Bey filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. [DKT. #1]. Each defendant, Warden Thomas Birkett, Assistant Resident Unit Supervisor Carolle Walker, and Resident Unit Manager Michael Krajnik (collectively "Defendants") is an MDOC employee. (*Id.* at ¶¶2-4). Bey alleges that Defendants acted with "deliberate indifference" towards him and the conditions of

his confinement by providing him with inadequate or unsanitary supplies to clean his cell, more specifically, the quality of the bottle of water and the sponge he was given for scrubbing or washing the cell.

As noted by the Magistrate Judge, Bey had filed a similar case in 2009 (Case No. 09-10723, in which he challenged the safety of the water he was provided to clean his cell. He had there asserted that he was subjected to cruel and unusual punishment and deliberate indifference. On March 22, 2010, the district court adopted a magistrate judge's Report and Recommendation and granted summary judgment in the defendants' favor. (Case 09-10723, Doc. #118).)

## II.  STANDARD

### A.  Review of Reports and Recommendations

The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented

2

before, is not an "objection" as that term is used in this context.  A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

**B.**

Res judicata generally consists of either claim preclusion or issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77, n.1 (1984).  The Magistrate Judge notes that in the Sixth Circuit a four-part test is used for determining whether a subsequent action is barred by the doctrine of res judicata: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action that was litigated or that should have been litigated in the prior action; and (4) an identity of the causes of action.

Here, the Magistrate Judge reported that a final decision on the merits was reached by the district court in Bey's prior action, 09-10723, and that all three individual Defendants in this case were parties in 09-10723. Next, the Magistrate Judge noted that "the same operative facts pled in 09-10723 form the underlying basis for Bey's claims in the current case." (R&R at 9). The recommendation is to find the current complaint, alleging a finger infection because Defendants were deliberately indifferent in providing inadequate and unsanitary cell cleaning supplies, is barred by the doctrine of res judicata.

Alternatively, the Magistrate Judge recommends that Plaintiff's claims are also barred by the doctrine of collateral estoppel. If each of the following elements is met, collateral estoppel is activated: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue was actually litigated and decided in the prior action; (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation; (4) the party to be estopped was a party to the prior litigation (or in privity with such a party); and (5) the party to be estopped had a full and fair opportunity to litigate the issue. *Hammer v. INS,* 195 F.3d 836, 840 (6th Cir. 1999). All elements are met in the present litigation, viewed in the light of the claims in 09-10723.

### III. OBJECTIONS

Plaintiff offers various objections to the Magistrate Judge's Report and Recommendation in two post-R&R filings. The court has reviewed *de novo* the Report Recommendation, and each objection (along with what few underlying facts are offered); the court rejects Plaintiff's objections as being general, and little more than a

4

restatement of his initial response to the Defendants' motion to dismiss. The court will

not involve itself in "duplicating the functions" of the magistrate, "perform[ing] identical

tasks," and thereby "wast[ing] judicial resources rather than saving them" contrary to the

purposes of the Magistrates Act. *Howard v. Secretary of Health and Human Servs.,* 932

F.2d 505, 509 (6th Cir. 1991).

      The court will, rather, adopt and incorporate the Magistrate Judge's Report and

Recommendation in full.

## IV.  CONCLUSION

      IT IS ORDERED that Plaintiff's Objections [Dkt. #20, 22] are OVERRULED and

the Magistrate Judge's Report and Recommendation [Dkt. # 18] is ADOPTED AND

INCORPORATED BY REFERENCE.

      IT IS FURTHER ORDERED that the Defendants' motion to dismiss [Dkt #12]  is

GRANTED.

                  S/Robert H. Cleland_____
                  ROBERT H. CLELAND
                  UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, September 24, 2012, by electronic and/or ordinary mail.

                  S/Lisa G. Wagner_____
                  Case Manager and Deputy Clerk
                  (313) 234-5522